The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REBECCA L. HARRINGTON and STEVEN W. HARRINGTON, individually and as a marital community composed thereof,<br><br>Plaintiffs,<br><br>v.<br><br>SAFEWAY, INC., a foreign corporation; REYES COCA-COLA BOTTLILNG, LLC, fka BCI COCA-COLA BOTTLING COMPANY OF LOS ANGELES, LLC, a foreign limited liability company; COHO DISTRIBUTING, LLC a foreign limited liability company; and JONES DOES 1-5,<br><br>Defendants. | NO. 2:18-cv-01357-BJR<br><br>ORDER DENYING BCI COCA-COLA BOTTLING COMPANY OF LOS ANGELES, LLC'S MOTION FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter comes before the court on a Motion for Summary Judgment filed by Defendant BCI Coca-Cola Bottling Company of Los Angeles, LLC, ("BCI"), seeking an order dismissing it from this case. BCI argues that Plaintiffs Rebecca Harrington and Steven Harrington ("Plaintiffs") have failed to point to evidence of any negligence on the

ORDER DENYING BCI'S MOTION
FOR SUMMARY JUDGMENT
- 1

part of BCI, and that it is entitled to judgment as a matter of law. Having reviewed the briefs filed in support of and opposition to the motion, and the evidence in the record, the Court holds as follows.

## II. BACKGROUND

This case was removed from Snohomish County Superior Court on September 13, 2018. In their original Complaint, Plaintiffs named only Defendant Safeway, Inc., and John Does 1-5, alleging that Rebecca Harrington was injured in a Safeway store in Snohomish, Washington. Harrington claims she removed an item from a shelf, apparently loosening a glass bottle of Coca-Cola, which fell to the floor. The glass bottle allegedly shattered on impact, sending shards of glass that lacerated Rebecca's ankle. In its Answer, Safeway asserted that Plaintiffs' injuries, if any, were caused by third parties, including BCI, "which sold, supplied and stocked the subject products on the shelves of the Defendant's store which Plaintiffs claim were in a hazardous condition." Dkt No. 7, ¶ 4.

Plaintiffs subsequently (and twice) amended their original Complaint, naming BCI, among others, as an additional defendant. The Second Amended Complaint ("SAC") alleges "Defendant Safeway has identified [BCI] . . . as the supplier of Coca-Cola products on the shelves of Safeway Store Number 1076 at all material times hereto." Dkt. No. 25, ¶ 1.3. The only additional allegations relating to BCI in the SAC is that BCI "was hired by Safeway to supply and stock Safeway shelves at Store Number 1076 with Coca-Cola," and that "Defendant Safeway avers, by way of an affirmative defense, that [BCI] bears responsibility for its acts, omissions, or negligence in stocking the Safeway shelves." *Id*., ¶ 4.3. In their Opposition to BCI's Motion, Plaintiffs quote their expert as having testified that BCI's "stocking of the shelves did not rise to the industry standard of providing safe shelf storage

ORDER DENYING BCI'S MOTION
FOR SUMMARY JUDGMENT
- 2

of product for retrieval by customers." Pls.' Opp. at 7, citing Dec. of Tim Wiese, Dkt. No 49.

### III. DISCUSSION

*A. Summary Judgment Standard*

Federal Rule of Civil Procedure 56 provides that a court should grant summary judgment when the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a), (c); *see also Porter v. Cal. Dep't of Corr.,* 419 F.3d 885, 891 (9th Cir.2005); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir.2000). A main purpose of summary judgment is to dispose of factually unsupported claims and defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Once the moving party has carried its burden under Rule 56, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial" and may not rely on the mere allegations in the pleadings. *Porter*, 419 F.3d at 891, quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

*B. BCI Fails to Meet Its Burden of Demonstrating an Absence of Genuine Issue of Material Fact*

BCI seeks dismissal from this case, arguing that Plaintiffs have failed to produce evidence supporting several essential elements of their negligence claim against BCI. BCI argues that Plaintiffs do not "expressly or directly allege negligence against BCI," pointing out that the only allegations in the SAC relating to BCI state merely that "Safeway avers" that BCI bears responsibility for Plaintiffs' injuries. Mot. at 3.

BCI overlooks, however, the testimony of Plaintiffs' Expert Tim Wiese, who submits in a declaration the following:

ORDER DENYING BCI'S MOTION
FOR SUMMARY JUDGMENT
- 3

> Through my experience and training in retail operations, it is clear to me that the Safeway store itself, as well as its vendors, supply and install safety racking/fencing/feeder systems to help with product organization and safety of storing product correctly on the shelves. This is an industry standard in many retail and grocery companies, and the systems are used in other Safeway stores and other markets. *Neither Safeway nor Reyes/BCI Coca-Cola complied with the industry standard regarding safety of product display which directly led to the situation wherein products packed too tightly caused an adjacent product to fall when a product was removed from the shelf.*

Decl. of Tim Wiese at 2-3, Dkt. No. 49, emphasis added. The Court holds that this assertion—bolstered by averments by Safeway that BCI is to blame for how the shelves were stocked—is sufficient to create a genuine issue of material fact as to whether BCI shares any responsibility for Plaintiffs' injuries.

BCI also argues in its motion that because Safeway has a non-delegable duty to keep its business invitees safe on its premises, BCI cannot *also* be liable for Plaintiffs' injuries. "Non-delegable," however, does not mean exclusive, and a business establishment may share liability with another party if a plaintiff demonstrates both are at fault. *See Afoa v. Port of Seattle*, 191 Wn. 2d 110, 122 (2018)("liability for breach of a nondelegable duty does not undermine the fault allocation under RCW 4.22.070," which provides "[i]n all actions involving fault of more than one entity, the trier of fact shall determine the percentage of the total fault which is attributable to every entity which caused the claimant's damages.").

Finally, BCI argues that even if Plaintiffs could demonstrate that the way BCI stocked the shelves contributed to Plaintiffs' injuries, BCI was only following the schematic developed by Safeway, and thus BCI cannot be held liable for its actions. BCI

ORDER DENYING BCI'S MOTION
FOR SUMMARY JUDGMENT
- 4

fails to cite any authority for the proposition that a defendant may be absolved of liability to one party because it was complying with the terms of a contract with another, or was merely following orders. BCI may not have created the shelf schematic, but at this stage the parties' experts disagree whether the schematic met industry standards for safety and/or whether BCI followed it. This disagreement is appropriate for resolution by a jury, not the Court.

## IV. CONCLUSION

For the foregoing reasons, BCI's Motion for Summary Judgment is DENIED.

DATED this 31st day of December, 2019.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge